IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MITCHELL                            *

      Plaintiff,                          *

      v.                                      *           CIVIL NO.: ADC-15-3081

RIVERSIDE PUB & GRILLE, INC., et al.        *

      Defendants.                         *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

The Defendants, Michael W. DiCarlo and Riverside Pub & Grille Inc., have filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure as a result of a jury verdict against them on May 3, 2017. The verdict in favor of Plaintiff was awarded after a two day jury trial. The Defendants having timely filed their Motion, briefs having been submitted and reviewed, and the testimony of the two critical witnesses, Michael Mitchell and Michael W. DiCarlo having been reviewed, no further hearing is necessary For the reasons set forth below, the Defendants' Motion for Judgment as a Matter of Law as to Counts I and II is GRANTED.

**I. BACKGROUND**

The Plaintiff brought this five count indictment alleging he was not paid overtime wages he earned as a cook for the Riverside Pub and Grille. The first two counts were presented as violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201, *et seq*., counts three and four alleged violations of the corollary Maryland Wage and Hour Law, Md. Code Ann.,

Labor and Employment Article, Sec. 3-401, *et seq.*, and count five which consisted of a violation of the Maryland Wage Payment and Collection Act, Md. Code Ann., Maryland Labor and Employment Article, Sec. 3-501, *et seq.*. After a day and a half of testimony, the jury found for Plaintiff on Counts one through four, and awarded Plaintiff $141.00 for compensatory damages and $141.00 for liquidated damages.

At the conclusion of the Plaintiff's case, Defendant's case and post-verdict, Defendants argued for judgment as a matter of law on Counts One and Two. Defendants argued that Plaintiff failed to produce any evidence with respect to the jurisdictional requirements of an employer engaged in commerce and an employer who grossed more than $500,000 in sales per year. Defendants are correct.

At trial, Plaintiff called only one witness, himself, to testify. He testified that he would occasionally, (with no specificity) order goods from vendors out of state. Plaintiff never called a representative from Defendants to testify as to the interstate nexus or the amount of gross sales required under the FLSA. Plaintiff's testimony that he occasionally ordered goods from out of state vendors is insufficient proof of the interstate nexus requirement under the FLSA. Plaintiff never developed that line of questioning or solicited sufficient information to show that Plaintiff was engaged as an employee in interstate commerce.

## II. STANDARD OF REVIEW

### A. Renewed Motion for Judgement as a Matter of Law

The standard for granting a renewed motion for judgment as a matter of law, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, is precisely the same as the standard for granting the motion prior to the submission to the jury. *See* Wright and Miller 9A Federal Practice and Procedure 2d § 2537. The United States Court of Appeals for the Fourth Circuit has

noted that a court should not "disturb a jury verdict 'unless without weighing the evidence or assessing witness credibility, [it] conclude [s] that reasonable people could have returned a verdict' only for the moving party." *Randall v. Prince George's County, Md.*, 302 F.3d 188, 201 (4th Cir.2002) (quoting *Cooper v. Dyke*, 814 F.2d 941, 944 (4th Cir.1987)). "If a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of the nonmoving party would necessarily be based upon speculation and conjecture, judgment as a matter of law must be entered." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir.2005) (citing *Crinkley v. Holiday Inns, Inc.*, 844 F.2d, 156, 160 (4th Cir.1988)). This Court must view the evidence in the light most favorable to the Plaintiff, and the Plaintiff receives the benefit of all inferences. *See Cooper v. Dyke*, 814 F.2d 941, 944 (4th Cir.1987).

### III. DISCUSSION

The FLSA covers all employees, regardless of the type of work they perform, if they are employed by "an enterprise engaged in commerce," as defined by Section 3(s) of the statute. In order for an enterprise to be "engaged in commerce," it must have annual gross volume of sales made or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii). Plaintiff did not present any evidence here, or at any stage of the trial, that Plaintiff had proven the employer Defendants were engaged in commerce. Plaintiff had the ability to call Michael DiCarlo as the corporate representative but did not. Plaintiff relied solely on the testimony he provided, that he occasionally ordered goods from out of state, so he was covered as an employee individually under the FLSA. Even if an employer does not meet the "enterprise engaged in commerce" requirements, the FLSA's provision may cover a particular employee if that employee was "engaged in commerce or in the production of goods." *See* 29 U.S.C. §§ 206 and 207. To determine whether an employee performed such work, a court must focus its inquiry on the

activities of the employee and not on the business of the employer. *See Mitchell v. Lublin McGaughy and Assocs.,* 358 U.S. 207, 211, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959). The definitive test is not whether the employee's tasks have some remote effect on interstate commerce, but whether the employee participated in the channels of commerce. *Russell v. Continental Restaurant, Inc.,* 430 F.Supp. 2d. 521, 525 (D.Md. 2006). There clearly is no evidence in the record that the Plaintiff employed as a cook, who may have occasionally ordered goods from out of state participated in the channels of commerce. Plaintiff's testimony on the issue was vague at best.

The following exchanges took place on the record:

DIRECT EXAMINATION of Michael Mitchell:

Did you ever order food on behalf of Riverside Pub & Grille?
Yeah.
Where did you order the food from?
Some local, some out of state, it varied depending on our needs
And once you ordered those materials from locally and out of state, what did you do with those materials?
Processed them and served them to the people that came, the patrons that came.
Okay.

CROSS EXAMINATION of Michael Mitchell:

Mr. Mitchell correct me if I am wrong but you said you occasionally placed orders for the kitchen, is that right?
That is correct.
And you mentioned there were some out of state suppliers, is that right?
That's right
Who were those out of state suppliers?
Some seafood distributors and some specialty items we picked up
Do you remember the names?
I don't recollect
Do you remember where they were located?
Delaware, Virginia
Do you remember who you talked to when you made those orders
I don't know

Assuming arguendo that Plaintiff's testimony would support the interstate commerce aspect of the FLSA, there is no evidence in the record whatsoever and Plaintiff does not argue now, that he produced any evidence that the business grossed more than $500,000 in annual sales. Again, Plaintiff could have called Michael DiCarlo as corporate representative but did not. After Plaintiff's case the Defendants called Michael DiCarlo. On cross-examination, Plaintiff asked Michael DiCarlo a single question about gross sales that was objected to and properly sustained by the Court. Plaintiff never re-phrased his question and did not follow up with any further questions and therefore failed to provide any evidence as to the jurisdictional requirements of the FLSA. Taking the facts in the light most favorable to the Plaintiff, the Plaintiff failed to prove jurisdiction under the FLSA.

## IV. CONCLUSION

For the reasons set forth above, the Renewed Motion of the Defendants Michael W. DiCarlo and Riverside Pub & Grille, Inc., for Judgment as a Matter of Law is GRANTED. Judgment in their favor shall be entered on Counts I and II of the Complaint submitted to the jury.

_9 June 2017_
Date

_A. David Copperthite_
A. David Copperthite
United States Magistrate Judge