IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MITCHELL                            *

        Plaintiff,                          *

     v.                                    *            CIVIL NO.: ADC-15-3081

RIVERSIDE PUB & GRILLE, et al.              *

        Defendants.                         *

  *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

### Introduction

Plaintiff has filed a petition for an award of attorneys' fees and costs (ECF 59). Defendants have filed a response (ECF 62). Plaintiff has filed a reply (ECF 65). This matter being fully briefed, there is no need for a hearing. Local Rule 105.6.

### The Facts

Plaintiff was employed by Defendant as a chef. Plaintiff brought this litigation alleging Defendants violated the Fair Labor Standards Act (29 U.S.C. Sec. 207(a)) against Riverside Pub & Grille and owner- Defendant Michael DiCarlo (Counts One and Two); violations of the Maryland Wage and Hour Law, Maryland Labor and Employment Code Ann. Sec. 3-415 by Defendant Riverside Pub and Grille and Defendant DiCarlo (Counts Three and Four); and, failure to pay wages in violation of the Maryland Wage Payment and Collection Act, Labor and Employment Art. Sec. 3-505 against both Defendants (Count Five). A jury trial was conducted on May 1, 2017 with a verdict delivered by the jury on May 3, 2017. The jury returned a verdict in favor of the Plaintiff as to Counts One through Four and awarded Plaintiff $141.00 in

compensatory damages and $141.00 liquidated damages. The jury found for Defendants as to

Count Five. This Court granted Defendants' motion for judgment as a matter of law as to Counts

One and Two (ECF 63- 64). The only counts remaining for consideration of the fee petition are

Counts Three and Four, the violations under the Maryland Wage and Hour Law.

### Standard of Review

Under the Maryland Wage and Hour Law ("MWHL") the awarding of attorneys' fees is a

permitted, discretionary act. *Manor Country Club v. Flaa*, 387 Md. 297-315-16 (2005).

> "An action under the Wage and Hour Law is to recover the minimum amounts set by law,
> and the provision for counsel fees is an important element in ensuring that the law is
> obeyed. In strengthening the Payment Law in 1993, the Legislature considered the
> arguments pro and con and struck the balance of allowing a reasonable counsel fee
> under § 3-507.1 only in those situations where the employer acted wilfully-in the absence
> of a bona fide dispute. When such a finding is made in an action under that law or when
> recovery is allowed under the Wage and Hour Law, courts should exercise their
> discretion liberally in favor of awarding a reasonable fee, unless the circumstances of the
> particular case indicate some good reason why a fee award is inappropriate in that
> case. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40,
> 48 (1983) (holding that under 42 U.S.C. § 1988, which allows the award of attorneys'
> fees in a civil rights action under § 1983, "a prevailing plaintiff 'should ordinarily recover
> an attorney's fee unless special circumstances would render such an award unjust,' "
> quoting S.Rep. No. 94-1011, p. 4 (1976))." *Friolo v. Frankel* 373 Md. 501, 518 (2003).

Maryland courts have looked to the Fair Labor Standards Act and federal caselaw to

determine whether an award is appropriate, and if so, which methodology to apply. *Friolo,*

*supra.* The difference is that the FLSA has a mandatory provision for attorneys' fees and

Maryland, for the reasons set forth above, does not. In the present case, since Plaintiff failed to

establish jurisdiction under the FLSA as a matter of law, the award of any attorneys' fees is

discretionary for the Court.

## Analysis

This case was not complicated. Plaintiff testified he was never paid overtime wages for more than a year of employment, but worked overtime daily and never complained. The only witness called by Plaintiff was Plaintiff himself. Plaintiff did not call any witnesses in his case (and did not move to re-open their case) to establish jurisdiction under the FLSA. Defendants put on testimonial evidence of four witnesses, including named Defendant DiCarlo. All of Defendants' witnesses testified that Plaintiff was paid in cash. Defendants produced records of cash payments made to Plaintiff over the entire period of time. So, simply put – Plaintiff said he was never paid and Defendants said he was paid, and in cash because that was what Plaintiff demanded in order to work there.

Plaintiff has filed a petition requesting fees and costs in the amount of $111,062.00. Defendants have responded that (1) Plaintiff is not entitled to fees under the FLSA (2) Plaintiff was not a prevailing party and is not entitled to any fees under the MWHL. The Court has already agreed with Defendants as to the first contention and further agrees as to the Defendants' second contention and for the reasons stated herein will DENY the motion for fees and costs as to the remaining counts under the MWHL.

Defendants rely upon *Friolo*, which was later clarified in *Flaa*, to include both the MWHL as well as the MWPL, in finding that the award of attorneys' fees is discretionary. There is a public policy component to the statutory scheme in that attorneys' fees should be awarded where the owner acted willfully in the absence of a bona fide dispute. *Friolo* at 518. There is a great public interest in seeing that people who earn overtime wages are paid fairly and paid promptly. There is the corresponding public interest in punishing employers who willfully violate the law in withholding wages that were earned.

The general rule (American Rule) in our legal system is that each party must pay its own attorney's fees and expenses. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010) *citing*, *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). To obtain an award of attorneys' fees, a Plaintiff must be a "prevailing party". A Plaintiff may be considered a prevailing party if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley at* 433*, citing, Nadeau v. Halgemore,* 581 F.2d 275, 278-79 (CA1 1978). In *Hensley*, the Court recognized that there are varying degrees of success in order to be a prevailing party and a party may be a prevailing party even if Plaintiff does not succeed on all claims asserted. *Hensley* at 432. In the instant case, that analysis is somewhat unnecessary since the Plaintiff did not "succeed in any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit". *Id at 433.* The only thing that Plaintiff proved to the jury was that in paying him cash for his overtime for greater than a year, Defendants owed him $141.00. I would be remiss in not noting that the only testimony as to the hours of overtime worked by Plaintiff was simply his testimony that he worked about 20 overtime hours every week. That was the only evidence Plaintiff submitted to the jury as to the number of hours worked. Defendants had actual records of cash payments which represented the overtime hours. Defendants did not however, dispute that he worked about 20 hours per week overtime.

In determining whether to award a fee petition, Maryland goes a step further in stating that attorneys' fees *should be* awarded where the owner acted willfully and in the absence of a bona fide dispute (emphasis added). *Friolo, supra.* In this case, Plaintiff must show that he was a prevailing party and also that Defendants acted willfully and in the absence of a bona fide dispute in withholding $141.00 in overtime wages where Plaintiff claimed he worked about 20 hours overtime a week for more than a year.

Plaintiff argued that since he received an award of $141.00 on the MWHL count he was a prevailing party (ECF 59-1 at 6). The Court could not possibly disagree more. In his case in chief, Plaintiff failed to prove the jurisdictional elements of a FLSA violation (ECF 63) and as to the federal claim, received no relief. Plaintiff attempts now to put a best spin on the verdict he received from the jury, but there is only one reasonable and credible interpretation of the jury's verdict. As stated above, this was a simple case – Plaintiff testified Defendants never paid him overtime at all and Defendants said they paid him cash for his overtime. The only logical way to interpret the jury's verdict is that they did not believe Plaintiff but did believe that in paying him cash, Defendants owed him $141.00. The fact that the jury, in a question to the Court, requested a calculator and, with counsels' consent, were provided one, supports this interpretation (ECF 53-1). Defendants' exhibit of recorded cash payments was admitted into evidence. The jury's rejection of Plaintiff's testimony is further supported by the fact that the jury found for the Defendants on the fifth count, that the Defendants did not withhold payment of earned wages at all. Considering the jury's rejection of his testimony and effectively Plaintiff's case, it is incredible to call Plaintiff a "prevailing party".

Even assuming arguendo Plaintiff could have proven that the $141.00 owed conferred a prevailing party status, Plaintiff still must prove that the Defendants acted willfully in the absence of a bona fide dispute. *Friolo* at 518. I would note also, that even if Plaintiff had proven Defendants acted willfully in absence of a bona fide dispute, an award of attorneys' fees is still discretionary ("…courts *should* exercise their discretion liberally in favor of awarding a reasonable fee") (emphasis added). *Id.* Clearly, Plaintiff failed to do so. The jury's rejection of Plaintiff's Count Five allegation confirmed that there was no willful failure to pay on the part of Defendants. Defendants prevailed in proving that they paid cash, all except $141.00. Plaintiff

alleged he was not paid overtime at all, therefore a bona fide dispute existed. Simply put, the dispute for the jury was – did they pay or did they not. By rejecting Plaintiff's allegations in Count Five, the jury clearly found that Defendants did pay the Plaintiff, but simply miscalculated by \$141.00.

**Conclusion**

In reviewing the arguments of counsel in this case and the applicable law, I find that Plaintiff was not a prevailing party, and even if Plaintiff had prevailed, Defendants did not act willfully in failing to pay \$141.00 in overtime pay, and that a bona fide dispute existed as to whether Plaintiff had been paid his overtime pay. Plaintiff's motion for attorneys' fees and costs is therefore DENIED.

A separate Order will issue.

12 July 2017
Date

A. David Copperthite
United States Magistrate Judge